IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LENA McCOLLUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:22CV662 |
| ) | |
| RODERICK C. VIRGIL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court *sua sponte*. Plaintiff filed this action in August 2022 asserting constitutional claims and North Carolina state law claims against Defendants related to the execution of a search warrant at her residence. (*See generally* Complaint, Docket Entry 2.) On September 8, 2022, the Court granted Plaintiff *in forma pauperis* status, and ordered Plaintiff to submit to the Clerk a complete summons for each Defendant. (Docket Entry 4.) Plaintiff was warned that failure to prepare and deliver said summons(es) within 15 days of the date of the order would result in dismissal of this action without further notice. (*Id.* at 1.)[1] The docket reflects that the September 8, 2022 order was mailed to Plaintiff, and returned to the Court on September 26, 2022 marked, "Attempted-Not Known, Unable to Forward." (Docket Entry 5.) Plaintiff has not otherwise responded to the order.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of

---

[1] Page numbers in this recommendation refer to the page numbers found at the bottom right-hand corner of the litigation documents as they appear in this Court's CM/ECF system.

1

an action for failure to comply with court orders." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). This rule also provides for dismissal "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). "A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). In this case, Plaintiff disobeyed the Court's previous order and has not otherwise made recent efforts to prosecute this action. Thus, the circumstances warrant dismissal *sua sponte*.

In making this recommendation, the undersigned acknowledges that "dismissal is not a sanction to be invoked lightly." *Ballard,* 882 F.2d at 95. In such instances, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." *Id.; accord Hillig v. C.I.R.,* 916 F.2d 171, 174 (4th Cir. 1990). Here, Plaintiff bears sole responsibility for her non-compliance and failure to prosecute, and continual delay of this action will potentially prejudice Defendants. Also, while the record may not reflect a long pattern of dilatory conduct by Plaintiff, there are no other sanctions that appear appropriate in this matter given the considerable passage of time with no response from Plaintiff. As a result, the undersigned will recommend that this case be dismissed without prejudice pursuant to Rule 41(b).

In addition, the record reflects that Plaintiff has failed to keep the Court advised as to her current address, nor has she shown any intent to proceed with this case. It is Plaintiff's responsibility to keep the Court abreast of her current address. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.") Moreover, the Local Rules provide that "[i]f mail directed to a *pro se* plaintiff from the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address," the Court may dismiss without prejudice the action for failure to prosecute. LR 11.1(b). Because Plaintiff has failed to notify the Court of a current address within 63 days of the date of a mailing returned by the U.S. Postal Service, that is, September 26, 2022, (Docket Entry 5), and in light of Plaintiff's failure to prosecute, the undersigned recommends dismissal without prejudice of this action at this time.

Accordingly, for the reasons stated herein, **IT IS HEREBY RECOMMENDED** that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) and pursuant to Local Rule 11.1(b) for failure to prosecute.

This, the 2nd day of June, 2023.

                                                 /s/ Joe L. Webster
                                           United States Magistrate Judge